IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOEL DOUGLAS RUMINER                                   PLAINTIFF

v.                 Case No. 4:03CV00349 GTE

GENERAL MOTORS CORPORATION,
and GM TRUCK, a Division of GENERAL
MOTORS CORPORATION                                   DEFENDANTS

ORDER

Before the Court is "Plaintiff's Motion to Reconsider the Magistrate's July 13, 2005 Order Relative to Plaintiff's Motion to Compel." For the reasons that follow, the Court denies the motion.

On July 13, 2005, this Court entered an order granting in part and denying in part Plaintiff's motion to compel and supplement to motion with respect to Plaintiff's Initial Requests for Production Nos. 1,[1] 3,[2] 5,[3] and 6.[4] With respect to Request No. 1, the

---

[1] Plaintiff's Initial Request for Production No. 1 provided: "Produce copies of all depositions given by General Motor's employees in lawsuits alleging injury or death involving an allegation that a Suburban airbag did not perform appropriately."

[2] Plaintiff's Initial Request for Production No. 3 provided in pertinent part: "For all prior lawsuits against General Motors Corporation alleging injury or death due to the allegations about the performance of an airbag in a Suburban, produce the following: . . . (b) copy of the police report; (c) copy of the vehicle photographs. . . ."

[3] Plaintiff's Initial Request for Production No. 5 provided in pertinent part: "If not covered by a previous request for production, produce the following for the vehicle model in question and all subsequent model years: . . . (d) Documents identifying any changes made to the airbag system between original production of . . . the Suburban in question and the most current model of the vehicle."

[4] Plaintiff's Initial Request for Production No. 6 provided: "Produce all materials, including a computer disk, for any computer analysis work, including graphics, for the

Court ordered the Plaintiff, within thirty (30) days, to submit to GM a list of the lawsuits (from the 77 lawsuits identified by GM) involving Suburbans, model years 2001 and after, from which Plaintiff would like a list of GM employees who were deposed. The Court also ordered that within fifteen (15) days after receiving the list, GM should examine the list and determine whether its computer technicians or other appropriate personnel can retrieve the names of employees who were deposed in the listed lawsuits. With respect to this Request No. 3, the Court directed GM to furnish to Plaintiff, within thirty (30) days, copies of police reports and copies of vehicle photographs in the previously identified lawsuits involving Suburbans, model years 2001 and after. With respect to this Request No. 5, the Court directed GM to tender to Plaintiff, within thirty (30) days, all documents identifying any changes made to the airbag sensing system in Suburbans between 2001 and the most current model of the vehicle. With respect to this Request No. 6, the Court directed GM to furnish to Plaintiff, within thirty (30) days, the "Madymo" for Suburbans, model years 2001 and after. With respect to Plaintiff's other discovery requests, the Court denied the Plaintiff's motion to compel and supplement to motion as moot.

In his Motion to Reconsider, which was filed on August 19, 2005, Plaintiff requests that the Court reconsider its July 13, 2005, order and "enter an Order that allows the Plaintiff access to litigation materials from all litigation that has involved the SDM at issue in this case, regardless of the type of truck or SUV that is involved in that litigation." In support of his motion to reconsider, Plaintiff alleges, *inter alia*, that "it

---

airbag and restraint system in question."

appears that GM's attorneys may have been less than candid when responding to the Court[']s inquiry as to whether those 77 lawsuits involved the 2001 Suburban that is involved in this case, and the burdensomeness put on GM of producing the requested material for 2001 Suburban litigation." Plaintiff also alleges: "After the Plaintiff searched through the complaints and informed GM's attorneys that none could be found involving the 2001 Suburban, GM acknowledged that it **produced only 1 such lawsuit**." Plaintiff further alleges: "It is now apparent that the discovery that has been gathered and provided by GM relative to the defect that is involved in this case has been gathered and produced in many cases involving vehicles other than the 2001 Suburban." Plaintiff asserts that, "[t]herefore, absent some showing that discovery of the information known to GM relative to those cases is manifestly unjust, the Plaintiff should not be limited to the 2001 Suburban on this information."

The Federal Rules of Civil Procedure do not mention motions for reconsideration. Where a party files a motion to reconsider an order or judgment of a district court without citing the particular rule of civil procedure pursuant to which the movant is proceeding, the court is left to guess as to the appropriate characterization of the motion. Courts typically construe this type of motion as a "Motion to Alter or Amend Judgment" under Rule 59(e)[5] or as a "Motion for Relief from Judgment or Order" under Rule 60(b).[6] Norman v. Ark. Dep't of Education, 79 F.3d 748, 750 (8th Cir. 1996)

---

[5] A motion to alter or amend a judgment pursuant to Rule 59(e) must be filed "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).

[6] A motion for relief from judgment or order pursuant to Rule 60(b) motion "shall be made within a reasonable time," and for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, "not more than one year after the

(Rule 59(e)); <u>Broadway v. Norris</u>, 193 F.3d 987, 988-89 (8th Cir. 1999) (Rule 60(b)). Where a party files a motion for reconsideration of a nonfinal order, or files a motion for reconsideration of a final order or judgment more than ten days after entry of the order or judgment, courts typically construe such a motion as arising under Rule 60(b). <u>Broadway</u>, 193 F.3d at 989 (motion for reconsideration of a nonfinal order); <u>Searles v. Dechant</u>, 393 F.3d 1126, 1130 (10th Cir. 2004) (motion for reconsideration of a final order filed more than ten days after entry of the order); <u>Weitz v. Lovelace Health System, Inc.</u>, 214 F.3d 1175, 1181 (10th Cir. 2000) (motion for reconsideration of a judgment filed more than ten days after entry of the judgment); <u>Cf</u>. <u>Baxter International, Inc. v. Morris</u>, 11 F.3d 90, 92 (8th Cir. 1993) (motion to reconsider construed as second motion for relief from judgment under Rule 60(b) since it was filed more than ten days after entry of judgment on the first Rule 60(b) motion).

Plaintiff filed his Motion to Reconsider the Court's July 13, 2005 order, a nonfinal order, more than ten days after entry of the order.  Under the circumstances, the Court construes the motion as a motion for relief from order under Rule 60(b).  Rule 60(b) provides in pertinent part that a court may relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released,

---

judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." "'[R]elief under Rule 60(b)(1) for judicial error other than for judicial inadvertence' is not available." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460-61 (8th Cir.) (quoting Fox v. Brewer, 629 F.2d 177, 180 (8th Cir. 1980)), cert. denied, 531 U.S. 929 (2000).

Plaintiff has not made allegations sufficient to justify relieving him from the Court's July 13, 2005, order pursuant to Rule 60(b). Furthermore, this Court does not have the authority grant the relief he requests. In Plaintiff's Initial Requests for Production Nos. 1 and 3, he simply asked for depositions by GM employees and copies of police reports and vehicle photographs in prior lawsuits against GM alleging injury or death due to the allegations about the performance of an airbag in a **Suburban**. The Court's July 13, 2005 order limits production to Suburbans, model years 2001 and after. Plaintiff is asking this Court to give him access to materials that he did not request in his Initial Requests for Production, *i.e.,* "litigation materials from all litigation that has involved the SDM at issue in this case, regardless of the type of truck or SUV that is involved in that litigation." This Court's authority to compel disclosure is limited to those materials that are the subject of Plaintiff's specific discovery requests. For the foregoing reasons, the Court denies Plaintiff's Motion to Reconsider.

Plaintiff also requests that "the Court make a detailed examination of GM's true abilities to retrieve information from its litigation from databases, as it is obvious that the

Court has not been informed of GM's actual capabilities in that regard, and that capability has a direct bearing on GM's claims that the retrieval and production of the information requested is 'burdensome.'" The Court declines to make the "detailed examination" requested by Plaintiff.

    THEREFORE, the Court denies Plaintiff's Motion to Reconsider (# 60).

    IT IS SO ORDERED this 6th day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE