**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JOEL DOUGLAS RUMINER**                                                                                    **PLAINTIFF**

**v.**                                                   **NO. 4:03-CV-00349 GTE**

**GENERAL MOTORS CORPORATION,
and GMC TRUCK, a Division of
GENERAL MOTORS CORPORATION**                                                        **DEFENDANTS**

## ORDER IMPOSING COSTS

Before the Court is a Bill of Costs filed by the Defendants General Motors Corporation and GMC Truck (collectively, "GM"), who prevailed in this case on summary judgment. Plaintiff Joel Douglas Ruminer opposes any award of costs. Alternatively, if costs are awarded, Plaintiff urges the Court to reduce the requested amount to exclude certain costs contended to be unrecoverable.

GM seeks a total award of costs in the amount of $ 8,249.42. For the reasons stated below, the Court finds it appropriate to reduced the requested amount to omit costs included for postage or delivery expenses in connection with certain deposition transcripts. The Court will either award costs in the amount of $ 7,916.60 (reflecting a deduction of $323.82), or at GM's election, the Court will postpone entry of the final award to permit GM to provide additional documentation regarding the actual costs for postage or delivery which should have been omitted from the deposition transcript costs.

## DISCUSSION

Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1).  The rule has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *Martin v. Daimler-Chrysler,* 251 F.3d 691, 696 (8th Cir.2001) (citations omitted).

The Court considers GM's bill of costs item by item.

### 1. Fees for Service of Summons and Subpoena -

GM claims $96.25 for the cost of summons and subpoena in connection with depositions. Plaintiff does not dispute or resist this item of cost and it will be awarded.

### 2. Deposition Transcription Fees -

GM seeks $7,323.82 in deposition transcript fees for eight depositions.  Plaintiff objects to this request.  The Court concludes that GM should recover its costs for this item, but finds it necessary to make a deduction for postage or delivery expenses associated with said transcripts.

Pursuant to 28 U.S.C. § 1920(2), the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" may be taxed as costs.  Depositions need not be used at trial to be taxable.  While depositions used at trial or in connection with a successful summary judgment motion are typically taxable as costs, the Eighth Circuit also permits recovery of the costs of obtaining depositions as long as "'the depositions reasonably seemed necessary at the time they were taken.'" *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)(*quoting Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)).  GM has demonstrated good cause for its belief that the depositions in question appeared necessary at the time they were taken. Additionally, certain of the depositions were used in connection with GM's successful summary judgment motion and are recoverable for that additional reason.

Plaintiff correctly points out that delivery costs or postage expenses are not recoverable.

*Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006).  While it appears that GM has removed from its request most of the extra expenses associated with the delivery and in some cases the expedited delivery of transcripts and documents, the Court cannot be certain that it has done so with regard to all of said depositions.

In those instances in which a separate charge for delivery expense was included, GM is not attempting to recover for such expenses.  For example, the invoice for the deposition copy charges for D. Faust and J. Sprague reflect charges for copies of exhibits and overnight delivery, but GM is not attempting to recover those charges.[1]  It further appears that some of the depositions were delivered by courier, for which there would not normally be a separate charge.  However, the record does indicate delivery by UPS of the Martha Bidez and James Locke depositions in an unspecified amount.  The invoice for the depositions of the paramedics (Michael and Susan Simmons) indicates that a postage and handling charge is included in the total charge of $350.02, but the specific amount is not itemized independently from the transcript cost.

The Court cannot determine from this record the amount of postage or delivery expenses that may have been included in GM's total request of $7,323.82.  Accordingly, the Court will postpone final consideration of GM's bill of costs pending a further showing by GM to eliminate those costs associated with the delivery costs or postage expense associated with said depositions.[2]  Or, if GM prefers, the Court will deduct $323.82 from GM's request of $7,332.82 and award costs based on the present record.  A deduction of $323.82 should more than offset for any postage or delivery

---

[1] *See* Invoice from Patricia Murray & Associates dated 11/30/2005, Exhibit A to GM's Bill of Costs.

[2] It appears that five of the nine depositions have such costs included.  Two (Plaintiffs' experts James Lock and Martha Bidez) were delivered by UPS.  Two (Michael and Susan Simmons) contain an unspecified postal charge.  It is unclear whether the invoice for Joel Ruminer's deposition includes a delivery charge.

expense included in the request.[3]

With regard to copy costs, the Court disagrees with and rejects Plaintiff's assertion that the cost of a deposition copy is unrecoverable. The invoices submitted by GM for those depositions it initiated indicate payment for an original plus one copy. It is customary for the party paying for the deposition to be provided an original plus one copy. Plaintiff apparently contends that this cost should be broken down to differentiate between the original deposition and the copy provided. The Court disagrees. As a matter of common sense, an attorney who plans to work with and use a deposition will require a working copy that may be highlighted and marked. *See Scallet v. Rosenblum,* 176 F.R.D. 522, 526 (W.D. Va. 1997)(recognizing that "the logic behind disallowing the cost of copies of transcripts has less applicability in current litigation" and observing that "courts have begun to allow costs for copies of transcripts as well as for the sitting fee for a deposition").

### 3. Subpoena and Witness Fees for Deposing Charlie Harris

GM seeks $96.25 (consisting of a $40 witness fee and $56.25 mileage) representing the cost in expenses to secure the attendance of witness Charlie Harris, the Tennessee Highway Patrol Officer who investigated the accident and prepared the uniform traffic crash report. Because the Court concludes that this deposition was reasonably necessary to the case, said costs will be permitted pursuant to 28 U.S.C. § 1920(3)(permitting recovery for "[f]ees and disbursements for . . . witnesses").

### 4. Exemplification Fees for Medical Records

GM seeks $ 820.35 as reimbursement for the cost of obtaining Plaintiff's medical records. The cost of copying medical records may be taxed as "fees for exemplification and copies of papers

---

[3] The Court notes that the current UPS charge for overnight delivery of a package from Birmingham, Alabama (where expert Martha Bidez was deposed) to Tulsa, Oklahoma (where GM's counsel is located) is estimated to be $64.24 (assuming a 2 lb. express box). It appears that only the depositions of experts Bidez and Lock were expedited (which was reasonable in light of the filing deadlines). Thus, deducting $323.82 will more than offset any actual postage and delivery expenses.

necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiff does not dispute this request. Recovery of this cost is appropriate and will be allowed.

## CONCLUSION

The Court concludes that an award of costs is appropriate in this case.

IT IS THEREFORE ORDERED, after considering Defendant GM's Bill of Costs (Docket No. 151) that costs in the amount of $ 7,916.60 shall be awarded. Alternatively, GM may submit additional documentation regarding the actual postage and delivery expenses. If GM elects to do so, it shall submit such documentation not later than June 1, 2006.

The Court will postpone the entry of a final award of costs pending further notice from GM.

IT IS SO ORDERED this  19th  day of May, 2006.

                                                 /s/Garnett Thomas Eisele
                                                 UNITED STATES DISTRICT JUDGE